IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MITCHELL PARTNERS, L.P.,          )
                                  )   Civil Action
              Plaintiff           )   No. 08-cv-04814
                                  )
        vs.                       )
                                  )
IREX CORPORATION;                 )
NORTH LIME HOLDINGS CORP.;        )
W. KIRK LIDDELL;                  )
DAVID C. KLEINMAN;                )
PAUL J. ISAAC;                    )
JOANN M. JUDGE;                   )
MICHAEL J. LARDNER;               )
JOHN O. SHIRK;                    )
THOMAS W. WOLF;                   )
LORI A. PICKELL;                  )
JAMES E. HIPOLIT;                 )
JANE E. PINKERTON;                )
KENNETH G. STOUDT; and            )
N. THOMPSON WASHBURN,             )
                                  )
              Defendants          )

                    *    *    *

APPEARANCES:

        GEORGE W. CRONER, ESQUIRE and
        CHRISTINA DONATO SALER, ESQUIRE
            On behalf of Plaintiff

        ERIN C. FISHER, ESQUIRE,
        STEVEN B. FEIRSON, ESQUIRE, and
        CHERYL A. KRAUSE, ESQUIRE
            On behalf of Defendants

                    *    *    *

**O P I N I O N**

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on Defendants' Motion
to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay

the Action ("Motion to Dismiss") filed September 29, 2009, which motion seeks to dismiss plaintiff's Complaint filed October 8, 2008 in its entirety. Upon consideration of the briefs of the parties and for the reasons expressed below, I grant defendants' Motion to Dismiss and dismiss plaintiff's Complaint.

## **INTRODUCTION**

This case arises out of the merger of defendant Irex Corporation ("Irex") with a special purpose corporation subsidiary of defendant North Lime Holdings Corp. ("North Lime"). Plaintiff Mitchell Partners, L.P. ("Mitchell Partners"), which is a former minority shareholder of Irex, was "squeezed out" in this merger.[1] Plaintiff contends that the merger used an unfair process and squeezed plaintiff out of Irex at an unfair price.

Plaintiff's three-count Complaint asserts claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, and unjust enrichment against various defendants responsible for the merger.

In Count I, plaintiff claims breach of fiduciary duties by Irex, North Lime, and various directors and officers of Irex.

---

[1] Plaintiff seeks to bring this lawsuit as a class action on behalf of the dissenting and/or former Irex shareholders who were squeezed out of Irex in its merger with North Lime. See Complaint at paragraphs 1, 24.

My September 29, 2009 Order dismissed Plaintiff's Motion for Class Certification without prejudice to refile after resolution of defendants' Motion to Dismiss because plaintiff's motion was prematurely filed under Federal Rule of Civil Procedure 23. Accordingly, this lawsuit has not been certified as a class action at this time, and I refer to plaintiff in the singular throughout this Opinion.

The individual defendants named in Count I are W. Kirk Liddell, David C. Kleinman, Paul J. Isaac, Joann M. Judge, Michael J. Lardner, John O. Shirk, Thomas W. Wolf, Lori A. Pickell, and James E. Hipolit (collectively "insider defendants").

In Count II, plaintiff claims breach of fiduciary duties and, in the alternative, aiding and abetting breach of fiduciary duties by the members of the special committee formed by Irex to evaluate the fairness of the merger to the squeezed out minority shareholders. The defendants named in Count II are Jane E. Pinkerton, Kenneth G. Stoudt, and N. Thomas Washburn (collectively "special defendants").

In Count III, plaintiff claims unjust enrichment against Irex, North Lime, and the insider defendants.

Defendants argue that this case should be dismissed in its entirety because it is barred by the statute of limitations and because plaintiff's sole remedy is a statutory appraisal proceeding.

Defendants argue that Counts I and II should be dismissed because the defendants do not owe plaintiff fiduciary duties and because Pennsylvania does not recognize a cause of action for aiding and abetting breach of fiduciary duties. Defendants argue that Count III should be dismissed because unjust enrichment is an equitable remedy, which is not available

because the statutory appraisal proceeding provides an adequate remedy at law.

In the alternative, defendants argue that this action should be stayed pending resolution of the statutory appraisal proceeding.

## JURISDICTION

Jurisdiction in this case is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because plaintiff alleges that at least one defendant resides in this judicial district and that all defendants reside in the Commonwealth of Pennsylvania. Venue is also proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiff's claims allegedly occurred in this judicial district.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, in ruling on a motion to dismiss, the court relies on

the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[2]

In determining whether a complaint is sufficient, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

---

[2]  The Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), states that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that the plaintiff is entitled to relief.  <u>Id.</u> (quoting <u>Iqbal</u>, ___ U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).  As the Supreme Court explained in <u>Iqbal</u>, "[the] plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Iqbal</u>, ___ U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884.

Although "conclusory" or "bare-bones" allegations will not survive a motion to dismiss, Fowler, 578 F.3d at 210, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231. To survive a 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements. Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940).

The court performs a two-part analysis when considering a Rule 12(b)(6) motion. First, the court separates the facts averred in the complaint from any legal conclusions asserted therein. Fowler, 578 F.3d at 210-211. All facts pled must be taken as true, but any legal conclusions may be disregarded. Id. Second, the court determines whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1950, 173 L.Ed.2d at 884).

This two-part analysis is "context-specific" and requires the court "to draw on its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged" plaintiff's claims over the line "from conceivable to plausible." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1950-1951, 173 L.Ed.2d at 884-885. A well-pleaded complaint may not be

dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974)).

## **FACTS**

Based upon the allegations in plaintiff's Complaint, which under the foregoing standard of review I must accept as true for purposes of defendants' Motion to Dismiss, the pertinent facts are as follows.

Plaintiff is a former minority shareholder of Irex. Plaintiff was squeezed out in Irex's merger with a special purpose corporation subsidiary of defendant North Lime.[3]  This merger was "for the specific purpose of squeezing out" the minority shareholders "so that Irex could be converted to an S-Corporation and deliver significant federal income tax benefits" to the insider defendants.[4]  The merger used an unfair process and squeezed plaintiff and the other minority shareholders out of Irex at an inadequate and unfair price.[5]

---

[3]     Complaint at paragraph 1.

[4]     <u>Id</u>. at 1-2.

[5]     <u>Id</u>. at 1, 82.

As early as November 2005, defendant Liddell, Irex's Chairman, President, and CEO, began preliminary discussions regarding the squeeze-out merger.[6] At that time, each member of Irex's board of directors had interests in the merger which conflicted with the interests of plaintiff and the other minority shareholders.[7]

On April 26, 2006, defendant Liddell revealed his plan to squeeze out Irex's minority shareholders to the other insider defendants. Pursuant to this plan, the insider defendants would create a holding company, defendant North Lime, provide their voting proxies to North Lime, and cause North Lime to acquire Irex in a self-dealing transaction.[8]

On May 15, 2006, defendant Pickell, the chief financial officer, secretary, and treasurer of both Irex and North Lime, wrote to Irex's shareholders and employees to inform them that North Lime was offering $60 cash per share of Irex stock.[9] A week later, plaintiff responded to oppose the proposed merger, contending that it would squeeze out Irex's minority shareholders at an unfair price.[10]

---

[6] Complaint at paragraphs 7, 37. Defendant Liddell also served as chairman of Irex's board of directors and as a director and officer of North Lime. Id. at 7.

[7] Id. at 37.

[8] Id. at 32.

[9] Id. at 14, 34.

[10] Id. at 35.

On May 31, 2006, Irex's board of directors held a special meeting to discuss the proposed merger.[11]  At this meeting, Irex amended its corporate by-laws to add additional directors so that a special committee of disinterested directors could be formed to review the proposed merger and protect it from allegations of conflicts of interest.[12]

On June 12, 2006, Irex's board of directors named the special defendants to the special committee.[13]  The special committee was tasked with determining whether North Lime's offer for Irex's stock was fair and adequate to the minority shareholders who would be squeezed out in the merger.[14]

On June 15, 2006, the board of directors advised the special committee of its right to retain a financial advisor to evaluate the fairness of North Lime's offer to the squeezed-out minority shareholders.[15]  On July 6, 2006, the special committee retained Curtis Financial Group ("Curtis") for this purpose.[16]

On August 10, 2006, Curtis presented its initial analysis of the proposed merger to the special committee.  This analysis did not include an opinion as to the fairness of the

---

[11]     Complaint at paragraph 36.

[12]     Id. at 37.

[13]     Id. at 45-46.

[14]     Id. at 48.

[15]     Id. at 51.

[16]     Id. at 52.

proposed merger.[17]  Curtis valued Irex's stock at $65-$67 per

share, but this valuation used a 22.5% discount based on the

potential asbestos liability faced by Irex subsidiary AC&S, Inc.

("AC&S").[18]

In its analysis, Curtis relied primarily on information

provided to it by Irex management and made no effort to verify

the information provided or to independently evaluate Irex's

assets and liabilities.[19]  In fashioning the financial

projections which Irex provided to Curtis, Irex took a

misleadingly conservative approach so as to understate the value

of the company.[20]  Moreover, Curtis' analysis undervalued Irex's

stock by at least $7.61 per share solely because the insider

defendants withheld information from Curtis regarding the extent

of Irex's exposure to AC&S' asbestos liability.[21]

---

[17]     Complaint at paragraph 58.

[18]     Id. at 39, 58.  In 2000, AC&S sued its insurer, Travelers
Indemnity Company ("Travelers"), for coverage against approximately 100,000
unresolved asbestos litigation claims brought against AC&S.  (Id. at 39-40.)
The insider defendants knew that AC&S' litigation against Travelers was likely
to result in a settlement that would be highly favorable to AC&S and which
would "have a highly beneficial impact on the fair value" of Irex's stock.
(Id. at 41-42.)

        Defendant Liddell and others informed the special committee that
"the most significant factor impacting the valuation" of Irex's stock was what
asbestos discount should be applied to reflect Irex's potential liability for
the asbestos claims pending against AC&S.  (Id. at 57.)

[19]     Id. at 60.

[20]     Id. at 61.

[21]     Id. at 62.

Despite Curtis' flawed valuation analysis, the special committee decided that it could not recommend North Lime's initial $60 per share offer to Irex's minority shareholders. The special committee instead suggested a price of $67 per share, a price that was barely 10% higher than that offered by North Lime in its initial proposal. Although the special committee was responsible for maximizing value for the squeezed-out minority shareholders, its counteroffer voluntarily set a ceiling on the potential share price that the minority shareholders could obtain from North Lime.[22]

Although the insider defendants knew that Curtis' valuation already substantially overstated the appropriate AC&S asbestos liability discount, the insider defendants sought to further inflate the asbestos liability discount to reduce the valuation of Irex's stock.[23] Accordingly, on August 19, 2006, defendant Liddell wrote to the special committee regarding the asbestos liability discount and offered $65 per share of Irex stock.[24] The Special Committee quickly capitulated by accepting $66 per share, far below the fair value of Irex's common stock.[25]

---

[22]    Complaint at paragraph 64.

[23]    Id. at 65.

[24]    Id. at 66-67.

[25]    Id. at 67.

Thereafter, on August 28, 2006, Curtis presented its fairness opinion to the special committee, which concluded that $66 per share would be fair to the squeezed-out minority shareholders. The special committee then concluded that the proposed merger at $66 per share was both fair to the squeezed-out minority shareholders and in the best interests of Irex.[26]

On August 30, 2006, defendant Liddell informed the board of directors that the special committee approved the proposed merger at a price of $66 per share.[27]

On August 31, 2006, Irex and North Lime entered into a merger agreement, subject to shareholder approval.[28]

On September 11, 2006, Irex dispatched a proxy statement stating that both the special committee and Irex's board of directors recommended voting in favor of the proposed merger because it was "fair to the Non-Participating Shareholders and in the best interests of Irex."[29]

However, the proxy statement failed to make material disclosures and was false and misleading because it: (1) misrepresented and omitted material facts about Irex's AC&S

---

[26]    Complaint at paragraph 68.

[27]    Id. at 69.

[28]    Id. at 70-71.

[29]    Id. at 72-73.

asbestos liability;[30] (2) omitted material facts concerning deficiencies in Curtis' valuation and fairness opinion; (3) described the special committee as independent, while the special committee depended on the other defendants to provide the information needed to analyze the proposed merger; (4) described the merger consideration "as the product of informed, deliberate, and careful negotiations" when, in fact, the Special Committee set a ceiling on the Transaction Consideration before ever receiving an opinion as to the fairness of the Transaction Consideration; and (5) described the proposed merger as "substantively and procedurally fair" to the squeezed out minority shareholders while defendants knew that the merger consideration was substantially less than the fair value of Irex's stock.[31]

Prior to the shareholder vote, plaintiff filed written notice with Irex of its intent to demand that it be paid the fair value of its shares if the merger were approved.[32]

---

[30]     On July 7, 2007, Irex announced that AC&S settled its litigation with Travelers. (Complaint at paragraph 76.) Although the terms of the settlement were "virtually identical" to the arrangements described in the proxy statement, the proxy statement misleadingly described the AC&S-Travelers litigation as so "unresolved" that there was "no certainty as to if or when a final resolution could be achieved." (Id. at 77.) Moreover, the proxy statement falsely indicated that the risk inherent in this litigation warranted a 15 to 30 percent discount on the value of the Irex stock. (Id.)

[31]     Id. at 78.

[32]     See Application for Relief (Petition) Pursuant to Section 1579 of the Pennsylvania Business Corporation Law ("Application for Relief") at paragraph 30, Exhibit 6 to Motion to Dismiss; Answer and New Matter to the Application for Relief of Irex Corporation at paragraph 30, Exhibit 7 to Motion to Dismiss.

On October 10, 2006, Irex's shareholders approved the proposed merger.  The merger closed on October 20, 2006.[33]

On February 13, 2007 Irex filed a petition in the Court of Common Pleas of Lancaster County, Pennsylvania asking the court to determine the fair value of the dissenting shareholders' shares in Irex.[34]

Plaintiff commenced this action by filing its three-count Complaint on October 8, 2008.

## **DISCUSSION**

### Statutory Appraisal as Plaintiff's Exclusive Remedy

Defendants argue that plaintiff's Complaint must be dismissed in its entirety because 15 Pa.C.S.A. § 1105 does not permit common law remedies after a merger has been consummated and, therefore, the statutory appraisal proceeding is plaintiff's sole remedy.[35]  For the following reasons, I agree with defendants.

Defendants cite the Supreme Court of Pennsylvania's decision in In re Jones & Laughlin Steel Corporation, 488 Pa. 524, 412 A.2d 1099 (1980) in support of their argument. There, the Supreme Court of Pennsylvania clearly stated that

---

[33]     Complaint at paragraph 83.

[34]     See Application for Relief.

[35]     Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, to Stay the Action ("Defendants' Brief") at 18.

post-merger remedies are limited to the appraisal of the fair
market value of their stock.  488 Pa. at 534, 412 A.2d at 1104.
The Supreme Court of Pennsylvania was not unmindful of the import
of its decision and the limits it placed on minority
shareholders.[36]

Both the Superior Court of Pennsylvania and the United
States Court of Appeals for the Third Circuit have indicated that
Pennsylvania's statutory appraisal proceeding does not operate to
the exclusion of common law breach of fiduciary duty claims when
those claims are filed.  However, those cases are factually
distinguishable because they involve separate litigation that was
filed pre-merger, not post-merger.

In Herskowitz v. Nutri-System, Inc., the Third Circuit
stated that

> it is a clear holding that in Pennsylvania the
> statutory appraisal cause of action coexists with
> common law causes of action.  Indeed no other rule
> makes sense, for the appraisal remedy is available
> even absent misconduct of corporate officials.  It
> was hardly enacted to provide a shield for such
> misconduct.  We predict, therefore, that if faced

---

[36]     In In re Jones the Supreme Court of Pennsylvania stated:

> We wish to emphasize that today's decision does not condone
> the manner in which appellants and other minority
> shareholders were deprived of their equitable interest in
> J & L.  We are not unmindful of the grave unfairness and
> fraud frequently present in mergers of this type, especially
> where there is a "cash-out" of the minority shareholders.
> Our concern, however, does not change the view that
> appellants' post-merger remedies were limited to the
> appraisal of the fair market value of their stock.

In re Jones, 488 Pa. at 533-434, 412 A.2d at 1104.  (Citations Omitted.)

> with the issue the Pennsylvania Supreme Court
> would reject the defendants' interpretation of
> section 515 K as a bar to other causes of action
> for breach of fiduciary duty or misrepresentation
> in a cash-out merger.

Herskowitz v. Nutri-System, Inc., 857 F.2d 179, 187 (3d Cir.

1988).[37]

The Third Circuit further stated in Herskowitz: "The

holding of that case[38], however, is only that an appraisal court

lacks jurisdiction to consider the fairness of the underlying

merger." Herskowitz, 857 F.2d at 186. However, the Third

Circuit repeatedly mentioned that the litigation at bar had been

filed pre-merger. Presumably, this was to ensure that the

Herskowitz decision would not run afoul of the Supreme Court of

Pennsylvania's clear language in In re Jones recognizing a

distinction between actions initiated pre-merger and those

initiated post-merger.

This position is bolstered by the Third Circuit's later

decision in Warden v. McLelland, 288 F.3d 105 (3d Cir. 2002)

where the Third Circuit stated:

> Even if plaintiffs were to prevail, defendants
> contend they would not be entitled to equitable
> relief, because the only post-merger remedy is an

---

[37]    15 Pa.C.S.A. § 1105, the statute upon which defendants rely, is substantially a reenactment of 15 P.S. §§ 1005E, 1515K.  See 2 Sell & Clark, supra, § 1105.1.

[38]    The case referred to by the Third Circuit is the opinion of the Superior Court of Pennsylvania In re Jones & Laughlin Steel Corporation, 263 Pa.Super. 378, 398 A.2d 186 (1979), which was affirmed on this point by the Supreme Court of Pennsylvania In re Jones & Laughlin Steel Corporation, 488 Pa. 524, 412 A.2d 1099 (1980).  Herskowitz, 857 F.2d at 186.

> appraisal of the value of the shareholder's prior
> stake in the company.  Defendants cite [<u>In re
> Jones</u>], as support for this proposition.  But in
> Jones & Laughlin, equitable relief was sought
> after the merger had occurred.  Here the merger
> occurred after plaintiffs initiated this action, <u>a
> critical distinction</u>.

288 F.3d at 115 (emphasis added).  <u>Warden</u> relies on <u>In re Jones</u>

for the proposition that although Pennsylvania recognizes the

right of minority shareholders to challenge proposed unfair or

fraudulent corporate actions, those actions have been maintained

in equity and instituted pre-merger.  <u>See In re Jones</u>, 488 Pa. at

533, 412 A.2d at 1104.

In a later proceeding in the <u>Jones</u> litigation, the

Superior Court of Pennsylvania commented that the Supreme Court

of Pennsylvania had recognized that separate and distinct causes

of action may be pursued.[39]  <u>In re Jones & Laughlin Steel</u>

<u>Corporation</u>, 328 Pa.Super. 442, 477 A.2d 527 (Pa.Super. 1984).

However, again, the other action was instituted pre-merger, not

post-merger.

I agree that the Supreme Court of Pennsylvania's <u>In re</u>

<u>Jones</u> decision does not preclude pre-merger common law actions

for damages filed outside of the statutory appraisal proceeding.

---

[39]    In addition to the <u>In re Jones</u> litigation, which was filed post-
merger, other minority shareholders filed suit pre-merger in United States
District Court for the Southern District of New York seeking relief pursuant
to both federal and Pennsylvania state law.  <u>See</u> <u>Tanzer v. Haynie</u>,
405 F.Supp. 650 (S.D.N.Y. 1976).  The Supreme Court of Pennsylvania was aware
of this separate litigation when it announced its decision in <u>In re Jones</u>,
noting that although the <u>Tanzer</u> plaintiff's motion to enjoin the proposed
merger was denied by the federal court, it did not dismiss their claims for
damages that were also filed pre-merger.

Moreover, I am mindful of the policy considerations articulated in In re Jones and Herskowitz of protecting the rights of minority shareholders. However, in the absence of any case law indicating that those considerations permit post-merger actions for damages, I am constrained by the clear holding of In re Jones that such post-merger actions are barred. In re Jones, 488 Pa. at 534, 412 A.2d at 1104.

Accordingly, I conclude the statutory appraisal proceeding is plaintiff's exclusive remedy because plaintiff did not file this action pre-merger. Therefore, I grant defendants' Motion to Dismiss on this ground, and dismiss plaintiff's Complaint in its entirety.

Because I have granted defendants' motion to dismiss and dismissed the Complaint in its entirety, I do not address defendants' alternative argument regarding whether the action should be stayed. However, I nonetheless address defendants' arguments on the merits of plaintiff's claims in the alternative, in the event that it should be determined subsequently by a court of competent jurisdiction that plaintiff's claims are not barred.

### Duty of Majority Shareholders (Count I)

Defendants argue that Count I fails to state a claim because defendants do not owe plaintiff fiduciary duties. Although I conclude that defendants may owe plaintiff fiduciary

duties, I would nevertheless dismiss Count I for the following reasons.

Majority shareholders have a duty to protect the interests of minority shareholders. Ferber v. American Lamp Corporation, 503 Pa. 489, 496, 469 A.2d 1046, 1050 (1983). In addition, the parties agree that "majority stockholders occupy a quasi-fiduciary relation toward the minority which prevents them from using their power in such a way as to exclude the minority from their proper share of the benefits accruing from the enterprise."[40]

"A freeze-out merger is a well-recognized technique for a corporation to rid itself of troublesome minority shareholders as long as the majority has a business rationale beyond benefitting itself." Zen Investments, LLC v. Unbreakable Lock Company, 2006 WL 1582333, at *4 (E.D.Pa. June 2, 2006) (Sanchez, J.) However, it is clear that freezing out minority shareholders with the purpose of continuing the business for the benefit of the majority shareholders breaches this fiduciary duty. In re Jones, 488 Pa. at 531, 412 A.2d at 1103. Some independent rationale for a merger must be provided. Zen Investments, 2006 WL 1582333, at *4 (citing In re Jones, supra;

---

[40]    Defendants' Brief at 23-24; Plaintiff Mitchell Partners L.P.'s Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, to Stay the Action ("Plaintiff's Brief") at 23; Hornsby v. Lohmeyer, 364 Pa. 271, 275, 72 A.2d 294, 298 (1950).

<u>Dower v. Mosser Industries, Inc.</u>, 648 F.2d 183, 189 (3d Cir. 1981).

Here, North Lime held 71% of Irex by virtue of proxies issued to it by the insider defendants and was, therefore, Irex's controlling shareholder.[41]  Plaintiff argues that the group of majority shareholders owe it a fiduciary duty as a minority shareholder.  Defendants argue that no individual defendant was a majority shareholder of Irex.[42]

A controlling shareholder need not be one person—it may be a group that acts "pursuant to an arrangement or understanding".[43]  Thus, a "group of shareholders who combine to form a majority, are fiduciaries" and owe duties to the minority shareholders.  <u>Tyler v. O'Neill</u>, 994 F.Supp. 603, 612 (E.D.Pa. 1998) (Joyner, J.); <u>accord</u> <u>Viener v. Jacobs</u>, 834 A.2d 546, 556 (Pa.Super. 2003).  Accordingly, North Lime and the insider defendants could be liable for breach of fiduciary duty even though no individual defendant was a majority shareholder of Irex.

Plaintiff's Complaint alleges that the merger in this case was "orchestrated and implemented in bad faith by Defendants

---

[41]     Complaint at paragraph 6.

[42]     Defendants' Brief at 24; Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, to Stay the Action ("Reply Brief") at 10.

[43]     1-1 American Law Institute, Principles of Corporate Governance: Analysis and Recommendations §§ 1.08, 1.10 (2005).

for the specific purpose of squeezing out the common stock holders...so that Irex could be converted to an S-Corporation and deliver significant federal income tax benefits to the Insider Director/Officer Defendants and the preferred shareholders."[44] Although plaintiff does not specifically allege that there was no legitimate business purpose for the merger, see Zen Investments, supra, I conclude that under a reasonable reading of the Complaint, plaintiff has alleged a claim for breach of fiduciary duty. See Fowler, 578 F.3d at 210. Therefore, I would not dismiss Count I against North Lime and the insider defendants.

However, I would dismiss Count I against defendant Irex. Defendants argue persuasively that "Irex, as a corporation, could [not] conceivably join a group to control itself."[45] Moreover, control is based on the power to vote a corporation's shares,[46] but it is the shareholders of a corporation—not the corporation itself—who are entitled to vote. See Halebian v. Berv, 590 F.3d 195, 208 (2d Cir. 2009). Additionally, a corporation as an entity does not have a fiduciary duty to its shareholders. See Radol v. Thomas, 776 F.2d 244, 258 (6th Cir. 1985). Accordingly, I would dismiss Count I against defendant Irex.

---

[44]    Complaint at paragraph 2.

[45]    Reply Brief at 9 n.5.

[46]    See 1-1 American Law Institute, supra, §§ 1.08, 1.10.

<u>Duty of Majority Shareholders (Count II)</u>

Defendants argue that the special defendants, against whom Count II is asserted, are not part of the group of majority shareholders, and that plaintiff lacks standing to sue these defendants directly for breach of fiduciary duty.[47]  Plaintiff did not respond to this portion of defendants' Motion to Dismiss.

Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides that "any party opposing the motion shall serve a brief in opposition....  In the absence of a timely response, the motion may be granted as uncontested...."  This court has held that "[f]ailure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed."  <u>Nelson v. DeVry, Inc.</u>, 2009 U.S.Dist. LEXIS 38161, *35-36 (E.D.Pa. April 23, 2009) (Jones, J.) (citing <u>Jackson v. J. Lewis Crozer Library</u>, 2007 U.S.Dist. LEXIS 61582 (E.D.Pa. August 22, 2007) (Stengel, J.) and <u>Mason v. Abington Township Police Department</u>, 2002 U.S.Dist. LEXIS 17315 (E.D.Pa. September 12, 2002) (Baylson, J.)).

To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as

---

[47]     Defendants' Brief at 21-23.

uncontested.  See, e.g., Saxton v. Central Pennsylvania Teamsters

Pension Fund, 2003 U.S.Dist. LEXIS 23983, *84-85 (E.D.Pa.

December 9, 2003) (Van Antwerpen, J.); Toth v. Bristol Township,

215 F.Supp.2d 595, 598 (E.D.Pa. 2002) (Joyner, J.); Smith v.

National Flood Insurance Program of the Federal Emergency

Management Agency, 156 F.Supp.2d 520, 522 (E.D.Pa. 2001)

(Robreno, J.).

Accordingly, I would dismiss plaintiff's claims for

breach of fiduciary duties in Count II for failure to respond in

opposition.

Aiding and Abetting Breach of Fiduciary Duties (Count II)

In the alternative, plaintiff claims that the special

defendants aided and abetted the insider defendants, Irex, and

North Lime in their alleged breach of fiduciary duties.

Defendants argue that this claim must be dismissed because

Pennsylvania does not recognize this cause of action and because,

assuming that Pennsylvania would recognize this claim, plaintiff

has not adequately pled its elements.

The Supreme Court of Pennsylvania has not recognized a

cause of action for aiding and abetting a breach of fiduciary

duty.  Official Committee of Unsecured Creditors of Allegheny

Health Education and Research Foundation v.

PriceWaterhouseCoopers, LLP, 989 A.2d 313, 327 n.14 (Pa. 2010).

However, the Commonwealth Court of Pennsylvania has held that a

- 23 -

cause of action exists "for aiding and abetting a breach of fiduciary duty pursuant to Section 876 of the Restatement (Second) of Torts."  Koken v. Steinberg, 825 A.2d 723, 732 (Pa.Commw. 2003).  Based on this decision, I, and other courts, have predicted that the Pennsylvania Supreme Court would recognize this cause of action.  Reis v. Barley, Snyder, Senft & Cohen, LLC, 484 F.Supp.2d 337, 350-352 (E.D.Pa. 2007) (Gardner, J.).

Assuming arguendo that this cause of action exists, the parties and I agree that its elements are: (1) a breach of a fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and (3) substantial assistance or encouragement by the aider and abettor in effecting that breach. Koken, 825 A.2d at 732; Reis, 484 F.Supp.2d at 350-351; Defendants' Brief at 27; Plaintiff's Brief at 27.

The second element requires actual knowledge of the breach.  E.g., Miles Farm Supply, LLC v. Helena Chemical Company, 595 F.3d 663, 666 (6th Cir. 2010); Invest Almaz v. Temple-Inland Forest Products Corporation, 243 F.3d 57, 82-83 (1st Cir. 2001); Kolbeck v. LIT America, Inc., 939 F.Supp. 240, 247 (S.D.N.Y. 1996) (Mukasey, J.).

Defendants argue that plaintiff has pled these elements without the required supporting factual allegations, and that

plaintiff has failed to allege that the special defendants had actual knowledge of the breach of fiduciary duty.[48]  I agree.

With regard to the knowledge element, plaintiff pled only that the special defendants "knew or should have known of the breaches of fiduciary duty."[49]  Such "threadbare recitals of the elements" do not set forth "sufficient factual matter" to survive a motion to dismiss.  Fowler, 578 F.3d at 210 (quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).  Plaintiff has not pled "how, when, and where" the special defendants gained knowledge of the breach.[50]

In addition, plaintiff has failed to plead actual knowledge.  Plaintiff pled only that the special defendants "knew or should have known" of the breach.[51]  Thus, plaintiff has not pled actual knowledge.  See Kolbeck, 939 F.Supp. at 246; In re Consolidated Welfare Fund ERISA Litigation, 856 F.Supp. 837, 842-843 (S.D.N.Y. 1994).

Because plaintiff has failed to properly allege the second element, knowledge of the breach by the aider and abettor, I would dismiss plaintiff's aiding and abetting claim in Count II.  However, I would dismiss the aiding and abetting claim

---

[48]    Defendants' Brief at 27.

[49]    Complaint at paragraph 95.

[50]    Id. at 212.

[51]    Complaint at paragraph 95.

without prejudice for plaintiff to re-plead that claim in accordance with this Opinion.

Thus, I would dismiss Count II from plaintiff's Complaint in its entirety because plaintiff's claims for both breach of fiduciary duties and aiding and abetting breach of fiduciary duties against the special defendants fail to state claims. Because the special defendants were named as defendants only in Count II of the Complaint, I would dismiss the special defendants as parties to this action without prejudice for plaintiff to re-name them, if appropriate, in an amended complaint as discussed above.

<u>Unjust Enrichment (Count III)</u>

Defendants argue that equitable remedies are not available when there is an adequate remedy at law, that unjust enrichment is an equitable remedy, and that the statutory appraisal proceeding provides an adequate remedy at law.[52] Plaintiff did not respond to this portion of defendants' Motion to Dismiss.

As discussed above, Local Rule 7.1(c) requires any party opposing a motion to serve a brief in opposition. A plaintiff who fails to brief its opposition to a portion of a motion to dismiss does so at the risk of having that part of the motion to dismiss granted as uncontested.

---

[52]     Defendants' Brief at 31.

Accordingly, I would grant defendants' motion to the extent it seeks dismissal of Count III, because plaintiff failed to respond in opposition.

Statute of Limitations

Defendants argue that this action is barred by the statute of limitations. Because I dismissed Counts II and III from plaintiff's Complaint above, I consider only whether the statute of limitations would bar Count I.

The parties agree that, pursuant to 42 Pa.C.S.A. § 5524(7), a two-year statute of limitations period applies to plaintiff's claims.[53] The parties disagree as to when this period commences, however.

Plaintiff argues that the statute of limitations does not commence until the right to institute and maintain a lawsuit arises, and that its claim is therefore timely. Defendants contend that plaintiff's claim accrued when it was on inquiry notice of the alleged breach of fiduciary duty and that plaintiff's claim is therefore time-barred.

The Supreme Court of Pennsylvania has held that the statute of limitations begins to run as soon as "the right to institute and maintain a suit arises." <u>Pocono International Raceway, Inc. v. Pocono Produce, Inc.</u>, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). Thus, under Pennsylvania law, a claim

---

[53]    Defendants' Brief at 11; Plaintiff's Brief at 12-13.

accrues at "the occurrence of the final significant event necessary to make the claim suable." Barnes v. American Tobacco Company, 161 F.3d 127, 136 (3d Cir. 1998). Accordingly, I must look to the elements of breach of fiduciary duty under Pennsylvania law to determine when plaintiff's claim accrued and the two-year limitations period commenced.

Pennsylvania's appellate courts do not appear to have defined the elements required to state a claim for breach of fiduciary duty. However, Pennsylvania Suggested Standard Civil Jury Instructions include "that the plaintiff suffered injury" as an element of a claim for breach of fiduciary duty. Pa.S.S.J.I. (Civ) § 4.16.

This element has been required by Pennsylvania trial courts, e.g., Pitt v. Goldstein, 2009 Phila.Ct.Com.Pl. LEXIS 124, *10 (July 2, 2009), and by this court, e.g., Fox International Relations v. Fiserv Securities, Inc., 490 F.Supp.2d 590, 607 (E.D.Pa. 2007) (DuBois, J.); Meyers v. Sudfeld, 2006 WL 401855, *6 (E.D.Pa. February 21, 2006) (Padova, J.); McDermott v. Party City Corp., 11 F.Supp.2d 612, 626 n.18 (E.D.Pa. 1998) (Robreno, J.).

The United States Court of Appeals for the Third Circuit has also suggested that actual harm is required to bring a claim for breach of fiduciary duty under Pennsylvania law. See Huber v. Taylor, 469 F.3d 67, 77 (3d Cir. 2006).

Here, plaintiff was not harmed by defendants' alleged breaches of fiduciary duties until the merger was approved and plaintiff was squeezed out of Irex at an allegedly unfair price.[54]  Plaintiff filed its Complaint on October 8, 2008, within two years of the shareholder vote on October 10, 2006.[55]  Accordingly, plaintiff timely filed its claims of breach of fiduciary duties in Count I.

Even if I am incorrect that plaintiff must suffer an injury before the limitations period commences, and defendants are correct that the limitations period starts when plaintiff is on inquiry notice of the alleged breach of fiduciary duty, plaintiff's claims of breaches of fiduciary duties were nevertheless timely filed.

As noted above, North Lime and the insider defendants combine to form a controlling majority group and owe fiduciary duties to the minority shareholders.  A majority shareholder vote may breach the majority's fiduciary duty to the minority shareholders.  See Stilwell Value Partners I, L.P. v. Prudential Mutual Holding Co., 2008 U.S.Dist. LEXIS 34095, *45-46, 53 (E.D.Pa. April 24, 2008) (Yohn, S.J.).

---

[54]    Plaintiff's Brief at 16-17; Complaint at paragraphs 1, 81-82, and 87.

[55]    Complaint at paragraph 83.

Here, the majority shareholder group voted to approve the merger on October 10, 2006.[56]  This alleged breach of fiduciary duty occurred within two years of plaintiff filing its Complaint on October 8, 2008.  Thus, even under defendants' theory of when the limitations period commences, plaintiff timely filed its claims of breach of fiduciary duties in Count I.

Accordingly, if I had not dismissed this action in its entirety under In re Jones, supra, I would not dismiss Count I of plaintiff's Complaint as time-barred.

## CONCLUSION

For all the foregoing reasons, defendants' Motion to Dismiss is granted and plaintiff's Complaint is dismissed in its entirety.

---

[56]     Complaint at paragraph 83.